# EXHIBIT

# E

**From:** Daniel Mattos <dmattos@kcgov.us>
**Sent:** Wednesday, June 07, 2017 3:00 PM
**To:** Darrin Murphey
**Subject:** FW: FYI., Drug Forfeiture Account

FYI

**From:** Daniel Mattos
**Sent:** Tuesday, June 06, 2017 2:33 PM
**To:** Daniel Soumas
**Cc:** Neal Robertson
**Subject:** RE: FYI., Drug Forfeiture Account

Dan:

Enough said. There was a concern that both you and Darrin would *both* speak to DOJ thus creating the potential, though perhaps unlikely, of conflicting information being presented. I was satisfied on the onset of this with Darrin's information, but in light of the fact that you had different insight the decision to go to DOJ was appropriate.

Dan

**From:** Daniel Soumas
**Sent:** Tuesday, June 06, 2017 1:23 PM
**To:** Daniel Mattos
**Cc:** Neal Robertson
**Subject:** RE: FYI., Drug Forfeiture Account

Dan,

Your message was very clear. I am not now nor was I planning to be involved in this issue. While the proposed expenditure is actually very beneficial to KCSO and detectives in particular, I was immediately concerned about the amount and proposed structure based upon my knowledge of DOJ guidelines. I apologize if anyone feels as though I interfered with this effort. That was not my intent. I consulted with Darrin because I'm aware of the level of scrutiny DOJ gives on these types of donations due to my duty as the person filing our annual reports. I guess I felt like you would want that input. Upon reflection if you wanted my advice you would have asked for it pre-incident. Again my apologies.

Dan S.

**From:** Daniel Mattos
**Sent:** Tuesday, June 06, 2017 9:54 AM
**To:** Daniel Mattos; Darrin Murphey
**Cc:** Daniel Soumas; Neal Robertson; Ben Wolfinger
**Subject:** RE: FYI., Drug Forfeiture Account

All:



EXHIBIT
1
Soumas 5/7/19

1

1.5943

Just a clarifier in the event that the below email is not clear enough: Darrin is the only one that is to discuss this with the DOJ...I do not want too many cooks in the kitchen.

Thanks,

Dan

**From:** Daniel Mattos
**Sent:** Monday, June 05, 2017 6:55 AM
**To:** Darrin Murphey
**Cc:** Daniel Soumas; Neal Robertson; Ben Wolfinger
**Subject:** RE: FYI., Drug Forfeiture Account

Darrin:

As per our conversation, the Sheriff and I request that you personally contact the DOJ and discuss with them and provide us with an answer.

Thank you,

Dan

**From:** Darrin Murphey
**Sent:** Thursday, June 01, 2017 4:14 PM
**To:** Daniel Mattos
**Cc:** Daniel Soumas; Neal Robertson
**Subject:** RE: FYI., Drug Forfeiture Account

Dan:

I discussed this with Dan Soumas. It is clear to me that the Sheriff/County has the discretion to donate $25,000 to the CAC. "An agency may, at its discretion, transfer up to a total of $25,000 of its shared funds annually to community-based programs whose missions are supportive of and consistent with a law enforcement effort, policy, and/or initiative. Guide, p. 19. I do not believe there is any concern with simply donating $25,000.00 to CAC.

The issue is donating $30,000 to CAC as a salary. I understand that the salary is for a non-law enforcement employee; that the employee will be performing a law enforcement purpose; and that the employee's duties do not generally involve traditional law enforcement functions. See Guide, p. 22. The Guide, as amended, is not a model of clarity in this situation. Depending on how the expenditure is described, an argument can be made that it is allowable, or not.

In any event, the Guide provides: "If an agency is unsure whether a proposed expenditure is permissible, it should email afmls.aca@usdoj.gov." My recommendation is that where there is question or dispute as to whether the funds can be used under the Guide, that the Sheriff inquire with the DOJ. As indicated above, I don't believe that there is any question that the Sheriff (with the approval of the BOCC) has the discretion to donate $25,000 to the CAC. If the Sheriff desires to donate $30,000 to the CAC specifically as a salary, based on the concern that the expenditure may not qualify, the most cautious approach, and my recommendation, is to inquire with the DOJ.

Let me know if you have any questions.

Darrin

2

1.5944

**From:** Daniel Soumas
**Sent:** Thursday, June 01, 2017 3:25 PM
**To:** Darrin Murphey <dmurphey@kcgov.us>
**Subject:** FW: FYI., Drug Forfeiture Account


**From:** Daniel Mattos
**Sent:** Thursday, June 01, 2017 2:25 PM
**To:** Daniel Soumas
**Cc:** Neal Robertson
**Subject:** RE: FYI., Drug Forfeiture Account

Dan:

It was vetted by Darrin prior to the release of funds and he deemed it ok. I will forward you the correspondence.

Thanks

Dan

**From:** Daniel Soumas
**Sent:** Thursday, June 01, 2017 1:40 PM
**To:** Daniel Mattos
**Cc:** Neal Robertson
**Subject:** RE: FYI., Drug Forfeiture Account

Dan,

Has this use of the funds been reviewed by our attorney or DOJ. With limited exceptions (for sworn le personnel only) the equitable sharing guidelines state "equitable sharing funds may not be used to pay the salaries and benefits of sworn or non-sworn law enforcement personnel". Those exceptions listed do not seem anywhere close to this proposed use. I can ask DOJ the question if the Sheriff wants to inquire. They will catch it on our filing this coming November so at some point we will have DOJ scrutiny. I'd rather know up front if it's permissible.

The regulations have changed since we donated that $40K to the Governors meth project. That size of donation to a community based program is now limited to 25K.

If you want the questioned asked, I'll need a few specifics about the position and what it does.

Thanks,

Dan S

**From:** Daniel Mattos
**Sent:** Thursday, June 01, 2017 8:46 AM
**To:** Daniel Soumas
**Cc:** Neal Robertson
**Subject:** FYI., Drug Forfeiture Account

Dan:

15945

The Sheriff has authorized, and a memo has been forwarded to the BOCC, concerning the dispersal of 30,000.00 from the Federal Drug Forfeiture Account to assist with hiring a second interviewer at the Child Advocacy Center. Just an FYI as you oversee the account.

Dan